BRIAN J. STRETCH (CABN 163973)
Acting United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

WILLIAM J. EDELMAN (CABN 285177)
Special Assistant United States Attorney
    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7265
    FAX: (415) 436-7234
    william.edelman@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR-16-104-WHO |
| Plaintiff, | [~~PROPOSED~~] ORDER OF DETENTION OF DEFENDANT MARCUS ROSS |
| v. | |
| MARCUS ROSS, | |
| Defendant. | |

    The defendant Marcus Ross came before this Court on March 18, 2016, for a detention hearing. The defendant was present and represented by his counsel, Assistant Federal Public Defender Shilpi Agarwal. Special Assistant United States Attorney William J. Edelman represented the United States.

    The government requested detention, submitting that no condition or combination of conditions would assure the defendant's appearance or reasonably assure the safety of the community.

    Pretrial Services submitted a report recommending detention.

[~~PROPOSED~~] DETENTION ORDER
NO. CR 16-104-WHO                 1

Upon consideration of the Pretrial Services report, the court file, and the party proffers as discussed below, the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community, and also finds on the present record by a preponderance of the evidence that no condition or combination of conditions would assure the defendant's appearance. The Court orders the defendant detained.

The present order supplements the Court's findings at the detention hearing and serves as a written findings of fact and statement of reasons as required by 18 U.S.C. § 3142(i).

The Bail Reform Act of 1984, 18 U.S.C. §§ 3141-3150, sets forth the factors which the Court must consider in determining whether pretrial detention is warranted. In coming to its decision, the Court has considered those factors, paraphrased below:

(1) the nature and seriousness of the offense charged;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person including, among other considerations, employment, past conduct and criminal history, and records of court appearances; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Defendant Marcus Ross is charged with two counts: 18 U.S.C. § 922(g)(1) (felon in possession of a firearm) and 18 U.S.C. § 111(a)(1) (assault on a federal officer). The government proffered as follows: The instant offense involved an attempted service of a search warrant on Defendant, who fled on foot and dropped a loaded pistol while running from FBI agents. Instead of continuing running, Defendant turned around and reached for the loaded weapon while two FBI agents were next to him. A struggle ensued, during which Defendant knocked an FBI agent down and then continued running. Defendant was arrested a short while later after another struggle with several pursuing officers.

In considering all of the facts and proffers presented at the hearing, the Court finds the following factors among the most compelling in reaching its conclusion that no combination of conditions could reasonably assure the community's safety: First, the nature and circumstances of the offenses charged

involve a violent struggle with law enforcement officers over a loaded gun.  Second, the defendant has had at least seven parole or probation violations involving violence.  Third, defendant's criminal history includes convictions for battery, robbery, weapons violations, and obstruction of police officers.

In considering all of the facts and proffers presented at the hearing, on the present record the Court finds the following factors among the most compelling in reaching its conclusion that no combination of conditions could reasonably assure the defendant's appearance as required: First, the absence of any proposed sureties or custodians.  Second, the defendant's repeated law violations while on supervision.

These factors, among others adduced at the hearing, clearly and convincingly demonstrate that the defendant would be a danger to the community, and also show by a preponderance of the evidence that no combination of conditions could reasonably assure the defendant's appearance as required.

Accordingly, pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

(1) the defendant is committed to the custody of the Attorney General for confinement in a corrections facility;

(2) the defendant be afforded reasonable opportunity for private consultation with his counsel; and

(3) on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

Dated: March 18, 2016

HON. JOSEPH
Chief United St

[PROPOSED] DETENTION ORDER
NO. CR 16-104-WHO                              3